OPINION OF THE COURT
Jose Rodriguez, J.
*604 Petitioner Kwan Nelson commenced this proceeding by order to show cause in lieu of petition and notice of petition seeking to be restored to possession of premises located at 491 Fletcher Place, apartment 19A, Bronx, New York. Petitioner alleges he was unlawfully locked out of the subject apartment in December 2014. Respondent Project Renewal operates a not-for-profit transitional housing facility known as Fletcher Residences and is licensed by the New York State Office of Mental Health. The premises in question are located in a community residence/ single room occupancy. All parties are represented by counsel. Respondent filed a notice of motion seeking dismissal of this proceeding.
Respondent alleges, and petitioner does not dispute, that petitioner was repeatedly hospitalized on a short-term basis resulting from petitioner’s escalating paranoid behavior. (See respondent’s aff in support of motion to dismiss.) On December 1, 2014, petitioner was hospitalized for over 30 days at Jacobi Hospital. Respondent alleges that after consultation with hospital staff, petitioner and petitioner’s family, all parties agreed that petitioner required a stricter level of supervision. Respondent proffers as evidence a redacted discharge summary with petitioner’s signature consenting to a discharge to F.E.G.S. (Federation Employment And Guidance Service): Riveredge Community House, a more structured facility. (See respondent’s reply affirmation, exhibit A.)
Petitioner does not allege that he did not consent to a discharge to Jacobi Hospital, but that he was not given an opportunity to return to his apartment. Petitioner also alleges that he did not surrender his right to the subject premises and argues that respondent was not permitted to resort to self-help to recover possession of the subject premises. Finally, petitioner alleges that respondent did not provide written notice and therefore did not follow proper procedures in discharging petitioner to a more structured facility.
Thus, the issue becomes whether respondent failed to follow proper procedures when discharging petitioner to Jacobi Hospital.
Respondent is subject to rules and regulations of the New York State Department of Mental Hygiene contained in 14 NYCRR. Section 595.9 governs the discharge and planning procedures for residential programs for adults. Specifically, 14 NYCRR 595.9 (c) (2) applies when
“(i) the psychiatric or medical status of the resident *605 has changed such that the resident requires inpatient hospital care; and/or
“(ii) the resident’s capacity for self-preservation . . . requires a level of care other than the residential program, or the resident is otherwise at risk due to requiring additional medical or psychiatric services or supports not available within the residential program.”
Written notice is expressly required in a number of discharge scenarios: (1) when a resident is no longer capable of self-preservation pursuant to section 595.16 (14 NYCRR 595.9 [e]); (2) when there is a change in the psychiatric status of the resident such that a lower level of supervision is required (14 NYCRR 595.9 [f]); and (3) when the resident fails to meet at least one material responsibility for residency (14 NYCRR 595.9 [f]). However, written notice is not required pursuant to 14 NYCRR 595.9 (h) if the resident and provider mutually agree upon the resident not returning to the supportive housing program after hospitalization.
Petitioner relies upon Wims v Abraham Residence III (184 Misc 2d 271 [2000]) for his argument that the respondent cannot resort to self-help to recover possession. In Wims petitioner alleged he was illegally locked out of a community residence. The petitioner was served a discharge notice from the residence for failure to pay use and occupancy. Petitioner was not questioning the sufficiency of the notice nor did he allege that respondent Abraham Residence III failed to conform to administrative rules and regulations. The issue was whether the respondent was able to use self-help, per the occupancy agreement, to discharge the petitioner. The court found that the occupancy agreement was ambiguous as to the remedies available to respondent if petitioner refused to vacate. As a result, the respondent was ordered to restore the petitioner to possession. (Id.)
In the instant case, the petitioner was discharged pursuant to 14 NYCRR 595.9 (c) (2) (i). Petitioner had a change in psychiatric status resulting in hospitalization from December 1, 2014 to January 29, 2015. Pursuant to subdivision (e), there was a clinical assessment at Jacobi Hospital. It was determined that petitioner required more supervision to ensure that he took his medication. As such, he was discharged on consent from respondent’s program to the hospital pursuant to section 595.9 (h), which does not require written notice.
*606 Furthermore, this case is distinguishable from Wims. First, the issue in Wims was not whether the respondent failed to comply with administrative regulations, but whether the occupancy agreement between respondent and petitioner was ambiguous. Here, the issue as presented by petitioner Nelson is that respondent failed to comply with administrative regulations. Second, the facts presented in Wims are dissimilar. Petitioner Wims was discharged pursuant to an ambiguous occupancy agreement for failure to pay rent. Here, petitioner was discharged because he experienced a change in psychiatric status. Additionally, the discharge of petitioner was on consent to Jacobi Hospital, not an eviction without alternative housing as in Wims.
Accordingly, respondent’s motion is granted and the instant proceeding is dismissed.